BOYCE F. MARTIN, JR., Circuit Judge,
concurring.
I concur in the lead opinion, but I feel compelled to comment upon the practice of a judge walking into a sentencing hearing with an opinion already prepared. The lead opinion quite properly discusses the matter in a footnote, as neither party directly took issue with the practice. I write separately because the practice deserves the kind of piling on that cannot be accomplished in a footnote.
As the lead opinion indicates, the transcript of Wilson’s sentencing fills only 17 pages. The typical sentencing spans more than 60 transcript pages. This transcript is so short because the judge took the bench having already written a sentencing opinion. He handed it to the attorneys, told them to read it, and then reconvened to permit the attorneys to lodge any objections. When conducted in this manner, the sentencing hearing takes on the appearance, if not the reality, of a mere formality.
And, in the circumstance of a sentencing hearing, appearance matters. The vast majority of federal criminal defendants plead guilty and forego trial. The plea hearing, while important, is a very scripted affair in which the defendant does little more than respond to the court’s questions with a simple yes or no. That leaves the sentencing hearing as the defendant’s only opportunity to interact with the court and the legal system. It is the defendant’s only opportunity to be treated as a person rather than as a statistic. And more importantly, it is the defendant’s only opportunity to perceive the system as something *227 that he can work with as opposed to against.
I am a firm believer that a crucial early step in rehabilitation is the defendant’s perception that he was treated with respect by the courts and that he was considered as a human having human faults and human virtues. In short, he must perceive that he got a fair shake. Thus, the sentencing hearing, the system’s sendoff on the path to rehabilitation, in addition to being actually meaningful, must also appear to be meaningful. The defendant must see his attorney stand up and speak on his behalf, and he must see the judge listen to what the attorney has to say and explain why he is or is not persuaded by the attorney’s argument. The final result will be whatever it will be — all that is required is a reasonable sentence — but the process must feel genuine. There is no minimum or maximum on what the judge must say, no list of magic words or phrases, no easily replicable formula or recipe for a “meaningful” sentencing hearing. Instead, all that is required is a dialogue that will allow the defendant to walk away from the hearing knowing what happened and why — nothing more, but nothing less. Indeed, a major undercurrent of the Supreme Court’s post-Booker sentencing jurisprudence is that, in an advisory guidelines system, the defendant is entitled to an interactive sentencing in which the judge listens and explains rather than merely pronouncing a sentence from on high after having done a little Guidelines math.
This is why the practice of a sentencing judge coming on the bench with an opinion already drafted should not be tolerated. When a judge takes the bench with an opinion in hand, the obvious conclusion is that his mind is already made up, that nothing the defendant or his attorney say will make any difference, and that sentencing is just another step in a largely automated, impersonal process.
To be sure, this is likely not actually the case. The judge no doubt will have read and carefully considered the parties’ sentencing memoranda and the pre-sentence investigation report before drafting his opinion, and these materials typically paint an accurate picture of the defendant and his crime. Indeed, it is probably true that most sentencing judges walk into a hearing with at least a strong inclination of what the ultimate sentence will be, regardless of whether they have already written an opinion.
But, again, appearance matters here. Most defendants will not have read the sentencing memoranda and cannot possibly be expected to have understood all of the pre-sentence report. Furthermore, most defendants — probably most Americans' — do not understand that judges routinely make rulings based only on the papers. Instead, their understanding of the judicial process is informed by pop culture versions of the law, where lawyers argue in open court to a judge who then issues an oral ruling. A defendant confronted by a judge who takes the bench with a prewritten opinion, as opposed to one who appears to have an open mind, thus feels that he is receiving something less meaningful than normal.
As far as I can tell, there is nothing illegal about the practice of the judge in this case, and it does appear that the parties had sufficient time to review the opinion. However, just because the practice is permissible does not mean that it should be immune from criticism. Judges are spending increasingly more time behind their desk than on the bench. In most instances, this is fine. But when engaging in the intensely human exercise of pronouncing sentence, everyone benefits *228 when the conversation requires significantly more than 17 pages of transcript.